**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BRAY JIBRIL MURRAY,** | **CIVIL ACTION** |
| **Petitioner,** | |
| | |
| **v.** | |
| | |
| **GOVERNOR TOM CORBIN,** | **NO.  14-1088** |
| **JOHN WETZEL, Dep't of Corrections'** | |
| **Secretary,** | |
| **PICKINS, Interim Superintendent,** | |
| **THE DISTRICT ATTORNEY OF THE** | |
| **COUNTY OF MONTGOMERY COUNTY,** | |
| **and THE ATTORNEY GENERAL OF** | |
| **THE STATE OF PENNSYLVANIA,** | |
| **Respondents.** | |

**O R D E R**

AND NOW, this 3rd day of September, 2014, upon consideration of Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by *pro se* petitioner, Bray Jibril Murray, the record in this case, the Report and Recommendation of United States Magistrate Judge Jacob P. Hart dated July 22, 2014, Objections to Report and Recommendation filed by *pro se* petitioner, Supplemental Report and Recommendation of United States Magistrate Judge Jacob P. Hart dated August 7, 2014, and Objections to Supplemental Report and Recommendation filed by *pro se* petitioner, **IT IS ORDERED** as follows:

1.      The initial Report and Recommendation of United States Magistrate Judge Jacob P. Hart dated July 22, 2014, is **APPROVED AND ADOPTED IN PART** and **REJECTED IN PART**.  That part of the Report and Recommendation which addresses the timeliness of the Petition for Writ of Habeas Corpus filed by *pro se* petitioner is **REJECTED**.  The remainder of the Report and Recommendation is **APPROVED** and **ADOPTED**;

2.      The Objections to the initial Report and Recommendation are **SUSTAINED IN PART** and **OVERRULED IN PART**.  That part of the Objections which addresses issues related to the timeliness of the Petition for Writ of Habeas Corpus filed by *pro se* petitioner is

**SUSTAINED**.  That part of the Objections, in which *pro se* petitioner argues that initial Report

and Recommendation was filed before he had an opportunity to file a reply, is also

**SUSTAINED**.  The remainder of the Objections are **OVERRULED**;

3.     The case is **REFERRED** to United States Magistrate Judge Jacob P. Hart for

submission of a supplemental report and recommendation, *nunc pro tunc*;

4.     The Supplemental Report and Recommendation of United States Magistrate

Judge Jacob P. Hart dated August 7, 2014, is **APPROVED AND ADOPTED**;

5.     The Objections to the Supplemental Report and Recommendation are

**OVERRULED**; and,

6.     The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in

State Custody filed by *pro se* petitioner, Bray Jibril Murray, is **DISMISSED** as untimely filed.

The decision of the Court is based on the following:

1.     The facts are set forth in the Report and Recommendation dated July 22, 2014,

and need not be repeated.  *Pro se* petitioner filed Objections to the initial Report and

Recommendation in which, *inter alia*, he argued that the analysis of the question whether the

Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody was

timely filed was incorrect.  The Court agrees and sustained that part of the Objections;

2.     In the Objections to the initial Report and Recommendation *pro se* petitioner also

claimed that "the Magistrate acted outside the purview and mandate of its authority, under 28

U.S.C. §§ 631-639, by reminding, encouraging and directing the CMWLTH to address and raise

a §2244(d)(1) defense."  That objection is overruled.  What the magistrate did in the March 17,

2014 Order, challenged by petitioner, was to direct the respondents to file an answer addressing

statute of limitations-related issues under 28 U.S.C. § 2244(d).  That is commonplace, and is

entirely proper;

3.      The Magistrate Judge decided to issue a Supplemental Report and Recommendation before this Court referred the matter the Magistrate Judge for a supplemental report and recommendation.  That was corrected by this Order in which, in paragraph 3, the Court referred the case to the Magistrate Judge for a supplemental report and recommendation, *nunc pro tunc*;

4.      The timeliness analysis in the Supplemental Report and Recommendation is correct.  The Court approves and adopts that analysis, and the rest of the Supplemental Report and Recommendation, in which the Magistrate Judge states that, instead of being twenty-five years late, as was stated in the initial Report and Recommendation, the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by *pro se* petitioner was seventeen years late;

5.      *Pro se* petitioner also complains in his Objections to the initial Report and Recommendation that the Magistrate Judge issued that Report and Recommendation before he had an opportunity to file a reply.  That is correct.  However, in his Objections to the initial Report and Recommendation, *pro se* petitioner states that the Objections should be treated as a reply.  That is what the Magistrate Judge did in issuing the Supplemental Report and Recommendation; and,

6.      In the Objections to the Supplemental Report and Recommendation *pro se* petitioner seeks the recusal of the Magistrate Judge.  There is no basis for seeking recusal.  That request is rejected.  Moreover, the role of the Magistrate Judge in this case was completed by submission of the Supplemental Report and Recommendation, so the recusal request is moot.

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**
_____
**DuBOIS, JAN E., J.**

3